T. ALEXANDER SALE, plaintiff in error, *vs.* JOHN T. WINGFIELD, administrator, defendant in error.

1. Money was placed by W. in the hands of D. to be loaned to S. with which to purchase land, but not to be actually paid over to him until he had obtained the title to the property and executed a mortgage thereon to secure its repayment:

   *Held*, that the mortgage debt was for the purchase money of the land covered thereby, and therefore, upon foreclosure, could be collected from the same notwithstanding a homestead had been set apart therein at the instance of the mortgagor.

2. The fact that a debt sought to be collected by the sale of land, a part of which has been set apart as a homestead, was only for a part of the purchase-money therefor, the balance having been paid by the debtor, does not entitle him to an apportionment. The entire tract must be paid for before a homestead can be taken in any part.

Homestead. Purchase money. Before Judge POTTLE. Wilkes Superior Court. June Adjourned Term, 1875.

It is only necessary to state in this case that of the $425 00 in the hands of DuBose, the garnishee in the suit on the note, the court below allowed $200 00 to Sale as a part of his exemption of personalty, holding the balance to be subject to his debts.

For the remaining facts, see the decision.

F. H. COLLEY; S. H. HARDEMAN; JOHN C. REED, for plaintiff in error.

R. TOOMBS, for defendant.

WARNER, Chief Justice.

This was a claim case, and a case in which a summons of garnishment had been issued. Both cases, by agreement of the parties, were submitted to the decision of the presiding judge as to the questions of fact and law involved therein. It appears from the evidence in the record that Wyley, the plaintiff's intestate, loaned Sale $4,000 00 in gold coin for the purchase of a tract of land containing one thousand two hundred and ninety-four acres, for which Sale and wife executed their promissory note, to secure the payment of which, Sale executed a mortgage on the land purchased, which mortgage was foreclosed and levied on the land, the claimant claiming two hundred and thirty acres thereof as a homestead exemption. The land for which the money was loaned by Wyley to Sale to purchase, was owned by Mrs. Simpson. Wyley placed the money in the hands of DuBose, with instructions to hold it until Sale procured a deed to the land from Mrs. Simpson, so that he could execute a valid mortgage on the land to secure the payment of the note. When Sale procured the deed to the land from Mrs. Simpson, DuBose wrote the mortgage and Sale executed it, and the money was then paid to Mrs. Simpson for the land. The mortgage was executed in December, 1870. In April, 1874, Sale, as the head of a family, obtained and had set apart two hundred and thirty acres of the land as a homestead exemption. In relation to

the garnishment, it was admitted that DuBose, the garnishee, had in his hands $425 00 for the rent of the entire tract of land purchased by Sale from Mrs. Simpson for the year 1874, which had been paid by his tenant in advance for the rent of the land. The money for the rent of the land in DuBose' hands, paid him for Sale, was paid before any application for homestead exemption of personalty was made. The court decided that the land set apart as a homestead in realty was subject to the plaintiff's mortgage *fi. fa.*, and that the money in the hands of DuBose, as garnishee, except the sum of $200 00, which was exempted as personalty was also subject to the plaintiff's *fi. fa.*, whereupon the claimant excepted.

1. The debt which the mortgage on the land was given to secure, was for the purchase money of the land, and the execution which was issued on the judgment of foreclosure of that mortgage and levied on the land, on a part of which the homestead was located, is within one of the exceptions specified in the constitution, therefore it was subject to levy and sale in satisfaction of the plaintiff's mortgage *fi. fa.*

2. It is insisted that inasmuch as Sale paid $987 00 of the purchase money for the land, besides the sum included in Wyley's mortgage, that there should be an apportionment of the value of the homestead land to the other land not included in the homestead. There is some doubt, from the evidence of Simpson, whether the $987 00, paid by Sale, was paid for the land, or whether it was not paid for personal property on the place sold to Sale. But be that as it may, in our judgment, according to a fair interpretation of the constitution, a homestead cannot be taken on any part of one entire tract of land which has been purchased, so as to exempt the same from the payment of the purchase money due therefor. In other words, the entire tract of land purchased must be paid for before a homestead can be located on any portion thereof, and be exempted from the payment of the purchase money due therefor. The rent money in the hands of the garnishee belonged to Sale, and was subject to the payment of his debts.

Let the judgment of the court below be affirmed.