## Cook *vs.* Cook *et al.*

1. A brief of evidence was filed on the last day of the term of court at which a case was tried, and was approved some days later. An order was taken on that day to continue the motion for new trial until a certain time in vacation. The grounds of the motion were approved and the entry of filing made during vacation, as appears by the record. The bill of exceptions to the refusal of a new trial recited that the motion was made and filed during the term:

*Held*, that the writ of error will not be dismissed on the ground that no motion for a new trial was made during the term.

(*a.*) If a motion for a new trial is not filed in due time, the proper practice is to move for its dismissal on the hearing, and not come to this court and move to dismiss a writ of error to the refusal of a new trial.

2. If the debt is for any part of the purchase money of land in which a homestead has been taken, the entire homestead is subject therefor; if the debt be for the purchase money of a part of the homestead, only that part is subject.

(*a.*) The charge of the court is founded on evidence.

3. An administrator's sale, regularly made to pay debts of the estate, divests the title of the heirs, who thereafter must look to the proceeds.

4. The verdict was not contrary to law or evidence.

Practice in Supreme Court. Practice in Superior Court. Homestead. Administrators and Executors. Charge of Court. New Trial. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1880.

Reported in the decision.

THORNTON & GRIMES, for plaintiff in error.

CRAWFORD & McNEIL; L. C. LEVY, JR., for defendants.

SPEER, Justice.

1. When this case was called counsel for defendant in error moved to dismiss the same, upon the ground that the motion for a new trial had not been made or filed in office during the term at which the trial of the cause was had.

It appears from the record that the trial of the cause was had at the November adjourned term, 1880, of Muscogee superior court; that said term finally adjourned on the 3d day of February, 1881, and that during said term a consent order was taken and entered on the minutes, in which it was agreed "that said motion for new trial (stating the case,) be continued until the next term of Harris superior court, when said motion shall be heard at such time during said term of said court as may be agreed upon between counsel."

It further appears that the brief of evidence was filed in office on the 3d February, 1881, the day of final adjournment, but was not approved by the judge until the 13th April, 1881. The record further shows that the motion for a new trial was served on the opposing counsel (by acknowledgment of service,) on the 6th day of April, 1881, the grounds of the motion approved by the judge on the 13th April, 1881, and the same filed in office on 30th April, 1881.

"All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had, but may be heard, determined and returned in vacation." Code, §3719.

The question is, whether by the record of this cause, does it affirmatively appear that this motion for new trial

Cook *vs.* Cook *et al.*

was made during the term of the court at which the trial was had, that is, at the November adjourned term, 1880, which adjourned on 3d February, 1881. The record shows that a brief of evidence was filed then, and the order of the court shows that the motion for a new trial then pending "was continued."

The presumption is ever in favor of the judgments of courts, and we may well conclude that the judge would not have continued a case not then pending, and this continuance was had during the term at which the trial was had. But further, our indisposition to dismiss this case is strengthened by the fact that if the position of defendant in error be true, it was his duty to have moved to dismiss this motion before the judge below on the hearing— no such motion was there made—where, if necessary, errors of the record, if occurring, might have been corrected. He made no such motion, and we are not inclined to think, after thus waiving it below, he can take advantage of it here, when it is not a ground of error assigned in his bill of exceptions.

It is true there are some seeming inconsistencies in the record to this view that raise the presumption that this motion may not have been made during the term at which the trial was had, but to aid the legal presumption arising from the order of the court to continue the motion to a future day for a hearing, the bill of exceptions recites the fact affirmatively as true that the motion was filed and approved during the term, and in a doubtful case we would hesitate to deny to the plaintiff in error his right to a hearing, when, from an inspection of the record and bill of exceptions, it presumptively appears the law was complied with; and we are the less inclined to do so when, in looking into the case, we are satisfied the same result as to the defendant in error will be reached by deciding the case upon its merits. The motion to dismiss is therefore overruled.

The defendants in error caused a *fi fa.* in their favor,

issued on 24th February, 1878, against John G. Cook, to be levied on fifty acres of land, part of lot No. 24, in the 7th district of Muscogee county, as the property of the defendant, to which plaintiff in error, as head of a family, interposed his claim, alleging the same was set apart to him as a homestead for the benefit of his wife and children. Plaintiff introduced in evidence his *fi. fa.*, proved defendant in possession, and closed ; the claimant introduced the record of the homestead, etc.

Under the evidence and charge of the court the jury found the property subject, whereupon claimant made a motion for a new trial, which was refused by the court and claimant excepted.

(1). The first ground of error is assigned on the court's charging: "If the debt upon which the judgment was founded was for any part of the purchase money of all the land levied on, then all the land is subject until the whole debt is paid ; but if it was for purchase money of a portion of the land, then only such portion of the land would be liable and subject to the *fi. fa.*"

(2.) "When land is regularly and legally sold by an administrator of an intestate, under an order of the court of ordinary for paying the debts of his intestate or for distribution, and the property is regularly conveyed by the administrator to the purchaser, the title of the heirs at law to the particular property sold is thereby divested, and they must look to the proceeds in the hands of the administrator ; and (if) in this case A. B. Cook was an heir at law and also the administrator of the estate, and he sold this land regularly and legally under an order of the court of ordinary, and conveyed the same as administrator, by deed to the purchaser, and John G. Cook was the purchaser, and took possession thereof under such conveyance ; then the interests of all the other heirs, A. B. Cook included, in the land sold was thereby divested, and they must look to the proceeds of the sale in the hands of the administrator."

(3). Because the verdict is contrary to evidence and

equity and justice; is decidedly against the weight of evidence, and contrary to law and charge of the court.

2, 3. We find no error in the first ground assigned in the motion, as we hold that the principle involved in this charge was so ruled in 55 *Ga.,* 622. It is insisted by counsel for plaintiff in error that there was no evidence to authorize the charge. We find on looking into the evidence, that one of the witnesses for the plaintiff testified that he had a conversation with J. G. Cook about the note on which the judgment is founded before suit was brought thereon, and in the course of the conversation, "Cook said it was for the balance due on the land where he lived." John G. Cook, the defendant, also testified that the note on which the judgment is founded was given for a part of the $500.00 which he bid for the land at the administrator's sale, the balance he settled with the other heirs. There is also other evidence in the record to the same point·

As to the error assigned on the charge made in the second ground, we do not see how it did harm to claimant. As a legal proposition, it is true. Still, if the land was sold by the administrator and the title of the heirs divested, we can see no reason why still the land levied on and so purchased at the sale would not be subject to the debt incurred by reason of such sale as against a homestead exemption set up by the purchaser. If the debt was for the purchase money in whole or in part, it certainly would not be exempt from levy and sale for said debt by reason of the same being assigned or set apart as a homestead to the purchaser. While it may be true that the sale by the administrator divested the title of the heirs, and they must look to the fund in the hands of the administrator, still the administrator would have a right to recover the debts due the estate for the benefit of the heirs, and if one of those debts was for the purchase money for land sold, we do not see why it should not prevail over a claim for homestead.

4. As to the other grounds in the motion, they all are

dependent upon the question whether the debt levied was for part of the purchase price of the land the defendant bought at the administrator's sale, and which he bid off at the price of $500.00, and which land so purchased he had set apart as a homestead. We think there is sufficient evidence to sustain the verdict of the jury on this point under the charge of the court, and we find no error in his refusing a new trial on any of the remaining grounds set forth in the motion for new trial. Let the judgment below be affirmed.

Judgment affirmed.