## White *vs.* Wheelan.

Where money was borrowed to pay off the balance of purchase money due for land embraced in a homestead, and was used for that purpose, and a note was given for the amount so borrowed, the homestead was subject to such debt.

October 16, 1883.

Homestead.   Debtor and Creditor.   Before Judge Simmons.   Crawford Superior Court.   March Term, 1883.

Reported in the decision.

Bacon & Rutherford, for plaintiff in error.

A. L. Miller, for defendant.

Blandford, Justice.

Defendant in error made oath that plaintiff had a homestead in certain lands, and that the same were subject to a certain judgment and *fi. fa.* in her favor, against said White, because said judgment was founded on a promissory note, the consideration of which was the purchase money for said lands embraced in said homestead.   The defendant made oath that said note was not given for the purchase money of the lands embraced in said homestead.

This issue was returned to the superior court; and on the trial of this issue, one Cullen Davidson and others testified that White wanted to borrow $200 to finish paying for his land; that he loaned him the money in two one hundred dollar bills, the same day he went to Hickory Grove.   White came up from his home, and went into a room where Jim Dickey was, and asked if he had his note, and Dickey said he did, and pulled it out, and White paid him two one hundred dollar bills; could not say that this was the identical money which was loaned to White.   It was paid to Jim Dickey for John Dickey.   White said

William Dickey had sold him the land, and that John Dickey had traded for the note, and that Jim Dickey held the note to collect for John Dickey.

The defendant, White, moved for a non-suit, which was overruled by the court.

The court charged the jury that, if defendant borrowed two hundred dollars from Davidson for the purpose of finishing payment for the land embraced in his homestead, and did pay the same on the debt which he owed for the land, and the same was the consideration of the note, the foundation of plaintiff's judgment, then they should find the land embraced in the homestead subject.

These several rulings are made the grounds in the motion for a new trial. Court overruled the motion for a new trial, and this judgment is excepted to, and error is assigned thereon. Whatever may be the decisions of other courts of the Union as to the liability of property set apart as a homestead for the debts of the person interested in the homestead, the law is settled by the repeated rulings and decisions of this court in this state, that the property is liable for the purchase money, or for the money loaned to extinguish an incumbrance on the homestead, although this incumbrance may only be the unpaid purchase money for the property set apart for the homestead. The charge of the court but carried out these views, and was not error. See 55 *Ga.*, 622; 53 *Ib.*, 485; 45 *Ib.*, 483; 46 *Ib.*, 207; 59 *Ib.*, 232; 39 *Ib.*, 466; 54 *Ib.*, 569. There was no error in overruling defendant's motion for new trial, and the judgment is affirmed.

Judgment affirmed.