HOULEHAN, Respondent, vs. RASSLER, Appellant.

*February 2 — February 19, 1889.*

*(1) Appeal: Exceptions: Stipulation construed. (2) Execution: Exemption: " Purchase money."*

1. A stipulation that the exceptions taken to the conclusions of law and order for judgment be taken as a part of the record and stand as and in lieu of a bill of exceptions, is *held* to be a waiver of the objection that the exceptions are not sufficiently specific, and to amount to a stipulation that such exceptions shall be effectual to raise the question whether the conclusions of law and order for judgment are warranted by the findings of fact.
2. Money loaned to be used in purchasing certain property, and actually so used by the borrower, is " purchase money " within the meaning of subd. 20, sec. 2982, R. S., and the property so purchased is not exempt from execution issued upon a judgment in an action by the lender to recover the money lent.

APPEAL from the Circuit Court for *Lincoln* County.

The case is sufficiently stated in the opinion.

*Milo Woodbury,* for the appellant, cited *Carey v. Boyle,* 53 Wis. 579–582; *Jones v. Parker,* 51 id. 218.

For the respondent the cause was submitted on the brief of *Pinney & Sanborn,* of counsel.

ORTON, J. This is an action of replevin brought by the plaintiff against the defendant for one black gelding horse and one set of double harness, valued at $140. The defendant was a constable, and levied an execution upon said property issued upon a judgment rendered by a justice of the peace against the plaintiff, in an action brought by J. C. Garland and F. S. Garland against him, for $70.34 and costs, and this was the taking complained of in the action. The action was finally tried in the circuit court without a jury, and the court found, in substance, that the said Garlands, under the firm name of J. C. Garland & Son, loaned to the plaintiff, *Houlehan,* " at his special instance

and request, eighty dollars, to be used by said plaintiff in purchasing, and to enable him to purchase, a team of horses and their harness of one J. Murray; and that the said eighty dollars were used by said plaintiff in making said purchase, and were by him paid to said J. Murray as a part of the consideration for said horses and harness." And the court further found, in substance, that the said judgment in favor of J. C. Garland & Son and against said plaintiff for $70.34, was for the unpaid balance of the indebtedness incurred by making said loan of $80; that said defendant, as constable, levied the execution issued on said judgment on said horse and harness, and that said horse is one of the span of horses, and the harness was the set of double harness, so purchased by the plaintiff of said J. Murray, as aforesaid, and for which said property the said $80 were paid as a part of the consideration; and that at the time of said seizure and levy, and when the action was commenced, the plaintiff was the owner of the said two horses and their said harness only, of which one horse and the harness were so seized and levied upon as aforesaid.

On these findings of fact the court found substantially the following conclusions of law: (1) That said action of J. C. Garland & Son against the plaintiff was not brought for the recovery of the whole or *any part* of the *purchase money* of the property so seized and levied upon; (2) that said $80 so loaned to the plaintiff by J. C. Garland & Co., and so used by the plaintiff *in purchasing* said team of horses and said harness as aforesaid, were not a part of the "purchase money" of said property, within the meaning of subd. 20, sec. 2982, R. S.; and (3) that at the time of said levy and demand said property was exempt from seizure and sale on said execution.

On these findings of fact and conclusions of law, and other appropriate findings of fact and conclusions of law, the court rendered judgment for the plaintiff, from which

this appeal is taken. It was stipulated that "the excep-
tions taken to the conclusions of law and order for judg-
ment, duly filed by the defendant, be taken as a part of the
record in this action, and stand as and in lieu of a bill of
exceptions herein, the same as if the exceptions had been
incorporated in a bill of exceptions duly settled and signed
by the judge of the court."

It is objected by the learned counsel of the respondent
that there being no exceptions to the findings of fact, and
only a general exception " to each and all of the conclusions
of law herein, and to the order of the court in this action
directing judgment to be entered in favor of the plaintiff,"
the judgment ought to be affirmed. I suppose that means
that there are no questions to be considered by this court.
That might be so, so far as the conclusions of law are con-
cerned, if it were not for the above stipulation. That means
something. The exceptions " should be taken as a part of
the record in this action." If they were not proper excep-
tions, they should not be taken as a part of the record.
The stipulation is evidently a waiver of any objection to
the form of the exceptions. It is true that the findings of
fact are not excepted to, and of course they should not be,
to raise the question whether they warrant or support the
conclusions of law or order for judgment. They are taken
as true and warranted by the evidence. We think the ob-
vious meaning of the stipulation is that the exceptions taken
should be effectual for some purpose, and there can be no
other purpose except to raise the question whether the con-
clusions of law and order for judgment are supported by
the findings of fact. The exception to the order for judg-
ment is sufficient, because it is specific, and it is equally
error if it is not sustained by the findings of fact. *Allerd-
ing v. Cross,* 15 Wis. 530; *Ludlow v. Gilman,* 18 Wis. 552.
We will therefore treat the question as properly raised.
The practice is a loose one, and ought not to be encour-

aged. A stipulation may answer in place of a bill of excep-
tions, if it can be understood. *Martin v. Fox & Wis. Imp.
Co.* 19 Wis. 552. But it ought to be plain and unambiguous.

The main question in this case is whether the property
levied upon by the defendant as constable was exempt.
We are compelled to differ with the learned circuit court
on that question, and to hold that the property was not
exempt. The statute is very plain and explicit, and is sus-
ceptible of but one meaning, and the facts found bring this
property clearly within its very terms. The plaintiffs in
the case in which the execution was issued " loaned to the
plaintiff, at his special instance and request, eighty dol-
lars, *to be used by said plaintiff in purchasing, and to enable
him to purchase,* a team of horses and their harness of one
J. Murray; and that said eighty dollars *were used* by said
plaintiff *in making said purchase,* and were by him *paid to
said J. Murray as a part* of the *consideration* for said horses
and harness." I repeat these facts here, to show how
clearly they come within the very terms of the statute.
The statute is: "No property exempted by the provisions
of this section shall be exempt from execution issued upon
a judgment in an action brought by *any person* for the re-
covery of the whole *or any part* of the *purchase money* of
the same property." Subd. 20, sec. 2982, R. S. Was this
$80 any part of the *purchase money* of the property? It
was loaned to be used in *purchasing* the property, *and to
enable* the plaintiff *to purchase* it, and was actually used in
making the *purchase,* and *was paid* to Murray as a part of
the *consideration* of it. What other possible language could
be used that is stronger or more explicit to make that
money a part of the purchase money of the property? And
yet the contention is that it was not, and the court gave
that as a reason for the finding. The facts and the terms
of the statute are too plain to admit of argument. It is
contended that the one who loans the money should have

actually paid it to the person who sold the property. The statute does not say so. The learned counsel of the respondent claims that the evidence in the case shows that the money was not loaned for such purpose. But the evidence is not before us. The findings of fact by the court are alone to be considered, and they do not support the conclusions of law or order for judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment for the defendant.