## ACRUMAN *v.* BARNES.

Opinion delivered May 6, 1899.

HOMESTEAD—PURCHASE MONEY—EXEMPTION OF INSURANCE MONEY.—Money borrowed for the purpose of buying a home, and so used, is "purchase money," within the exception to art. 9, § 3, Constitution 1874, exempting homesteads, and in case of the destruction of the residence by fire the borrower cannot hold the insurance money due on a policy taken by him for his own benefit exempt from seizure on process of garnishment or execution for the debt due the lender. (Page 444.)

Appeal from Dallas Circuit Court.

JOHN B. MCCALEB, Judge.

### STATEMENT BY THE COURT.

Appellee, Barnes, owned a homestead of less value than $2,500, which ordinarily was exempt from sale under execution. He sold his homestead to one Pulliam, and afterwards bought it again from Pulliam, and paid him $1,000 therefor, which one thousand dollars was loaned to him for the purpose of repurchasing the homestead by the appellant, Acruman. As a part of the transaction, the appellee, Barnes, executed to appellant, Acruman, at the time, a mortgage on the homestead to secure the payment of the one thousand dollars. Barnes, of his own motion and with his own means, insured the building, constituting, with the land on which it was situated, the homestead.

The building was afterwards consumed by fire, of which Barnes made proof, and established the liability of the insurance company for the loss. Before payment for the loss by the insurance company, Acruman sued Barnes on the debt for the money loaned, and garnished the insurance company. A trial was had, and resulted in a judgment against Barnes for the debt. The insurance company answered, and admitted its liability for $1000 on the insurance policy held by Barnes. Barnes was made a party to the garnishment proceedings, and filed an intervention, claiming that the property was not insured for the

benefit of creditors, but to protect his homestead; that he expected, with the insurance money, to purchase another residence, and that he claimed the money exempt from the payment of his debts, under the law exempting the homestead. He filed his schedule as required by the statute.

The circuit court held that Acruman had no interest in the insurance policy, and acquired none in the insurance money by the garnishment proceedings, and that the $1,000 insurance money was exempt, from which Acruman appealed.

*R. C. Fuller* and *Thornton & Thornton*, for appellant.

As to whether, as against ordinary debts, the insurance money collected on a loss of the homestead is exempt, the cases are divided. *Pro:* 66 Miss. 683; 54 N. H. 125; 12 Ill. App. 240. *Contra:* 50 Cal. 101; 88 Tex. 218; 5 S. W. 193; Thomp. Hom. & Ex. § 750; 31 Ark. 652. But the exemption in no case extends to bar purchase-money claims. 62 Ark. 168. Money borrowed from a third person by the vendee of a homestead and paid to the vendor is purchase money, and the homestead is not exempt as against the lender. 66 Ill. 164; 51 Ill. 500; 54 Ga. 502; 8 Cal. 271; 10 Cal. 385; 16 Kas. 54; 13 Tex. 333; Wap. Hom. & Ex. 911; 73 Wis. 557; 71 Ga. 333; 59 Ga. 232; 60 Tex. 24; *ib.* 315.

*W. S. Amis*, for appellee.

The term "purchase money" means the money paid *by the vendor to the vendee*, and does not include money borrowed by the purchaser to complete his purchase. 37 Ill. 438; 15 Barb. 568; 38 Md. 270; 99 Am. Dec. 537. Both parties had an insurable interest in the property. Tiedeman, Real Prop. § 327. A mortgagee has no right to the benefit of a policy taken by the mortgagor, unless it is assigned to him. 10 Peters, 507; 101 U. S. 439. The insurance money is exempt. 31 Ark. 657; Thomp. Hom. & Ex. § 748; 29 Vt. 289; 37 Vt. 263; 11 Kas. 617; 50 Cal. 101; 65 Barb. 524. It is exempt even as against specific liens on the property. 55 Tex. 58; 30 S. W. 1050; 5 S. W. 193; 2 Duv. 527; 49 N. W. 851; 50 Cal. 101; 65 Barb. 524; 48 N. Y. 188; 26 N. Y. 253; 2 Vt. 342; 29 Vt. 289; 29 Minn. 309; 31 Ark. 652; 68 Ia. 641; 62 Ia. 463.

HUGHES, J., (after stating the facts.) Where money is loaned with which to purchase a homestead, upon the understanding that it will be so used, and it is so used, and a mortgage is given to the lender to secure the payment of the money loaned for that purpose, if the building constituting a part of the homestead is insured for the benefit of the owner of the homestead, and afterwards is consumed by fire, is the money due on the policy of insurance exempt from seizure on process of garnishment or execution for the debt due the lender?

Article nine, section three, of the constitution of 1874, provides that "the homestead of any resident of this state, who is married or the head of a family, shall not be subject to the lien of any judgment or decree of any court or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens." Acruman's testimony shows that he loaned the money to Barnes to be used for the purchase of the homestead property, and Barnes swears he used it for that purpose. Barnes executed a mortgage to Acruman upon the same property to secure the payment of the money loaned with which to purchase it. In some courts it is held that money loaned to purchase property cannot be considered purchase money as between the lender and borrower, but only between the vendor and purchaser of the property. *Heuisler* v. *Nickum*, 38 Md. 270. But, in our opinion, the weight of authority and the better reason is that money borrowed of a third person with which to purchase a homestead, when it is understood between the lender and the borrower that it is to be used for that purpose, and it is so used, is purchase money, *Allen* v. *Hawley*, 66 Ill. 164; *Hamrick* v. *People's Bank*, 54 Ga. 502; *Carr* v. *Caldwell*, 10 Cal. 385; *Nichols* v. *Overacker*, 16 Kas. 54. "Things bought with borrowed money, borrowed with the avowed purpose of buying them, are not exempt as against the lender." Waples, Hds. & Ex. 911; *Houlehan* v. *Rassler*, 73 Wis. 557. "The homestead is liable for money borrowed to pay a balance due on the purchase price." *White* v. *Wheelan*, 71 Ga. 533; *Middlebrooks* v. *Warren*, 59 Ga. 232. "One who loans money to enable another to purchase a homestead cannot be defeated in collecting it by the claim of homestead immunity upon the

part of the borrower." *Wahrmund* v. *Merritt*, 60 Tex. 24;. *Eylar* v. *Eylar*, 60 Tex. 315.

The insurance money due the appellee in this case was not exempt from the debt due the appellant for the thousand dollars loaned him by the appellant with which to purchase the homestead, for the loss of which the insurance money was due the appellee. The money loaned, under the circumstances, was purchase money, according to the authorities. Wherefore the decree of the chancellor holding that the money is exempt is erroneous.

The judgment is reversed, with directions to enter a judgment for the appellant.