### E. G. Kay v. A. U. Hathaway.

Decided June 14, 1899.

**1.  District Court—Jurisdiction—Equity—Amount in Controversy.**

The district court, by virtue of its power to adjust all the equities between the parties to a suit within its jurisdiction, may determine the amount of claims necessary to such adjustment, though for an amount within the exclusive jurisdiction of the county court.

**2.  Same.**

The court, in a suit of trespass to try title, having found defendant entitled by contract to remove a house. built by him from the premises recovered by plaintiff, on payment of the amount of a debt which plaintiff had discharged as his surety, had power to determine the amount of such debt, though not an amount within its jurisdiction, for the purpose of settling the equities of the entire case.

**3.  Homestead.**

Defendant, who had built a house on plaintiff's land under an agreement giving him the right to remove it on paying a debt which he owed to plaintiff, could not interpose his homestead right to defeat the recovery of the house and premises by plaintiff, without paying such claim.

Appeal from Robertson.  Tried below before Hon. W. G. Taliaferro.

The assignments of error overruled without particular discussion were: "Because appellant offered no evidence of title except his own parol testimony." "Judgment restraining appellant from removing the house until appellant settled Mitchell Bros. & Dechered's debt would only give plaintiff a lien on said house, and there was no suit for judgment or foreclosure of any lien." "Admitting that the court finds the facts as stated by appellee, it would only give appellee a lien upon said house and improvements to secure said debt, and his remedy would be a suit for debt and foreclosure of his lien, and he can not recover such a judgment as rendered in this case, in action in trespass to try title." "The court erred in his conclusions of law that the contract between the parties, not being in writing, was in contravention of the statute of frauds, and the defendant, more than one year having elapsed, was at the time this suit was brought a tenant at will of plaintiff."

*Simmons & Crawford,* for appellant.

*J. D. Gann,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant in trespass to try title. Appellant's answer, among other things, includes a special plea, setting up a verbal agreement to the effect that appellant was to have the right to erect a dwelling-house on the land in question, use and occupy the same as a home, and be permitted to remove the house from the land. That in pursuance of said agreement, he built a house on the land, of the value of $325, which he has ever since used as a home for himself and family. He also alleged that he was about to remove the house from the land at the time the plaintiff brought his suit and prevented him by a writ of sequestration from accomplishing that purpose.

The plaintiff, by supplemental petition, admitted that the defendant built the house on the plaintiff's land under a verbal agreement between them, but denied that it cost over $135, and denied that defendant had the right to remove the house from the land; and set up as part of the agreement by which the house was to be built, that plaintiff, as surety for the defendant, had signed a note for $232.85, bearing interest at the rate of 10 per cent per annum, and that it was agreed that the house to be built by defendant on the plaintiff's land was to be the plaintiff's property until the defendant should pay off the note referred to: charged that the defendant had failed to pay the note, except the sum of $50, and that the plaintiff had paid the same, amounting to $273.55. The plea further averred that the house was a fixture on the land; denied the defendant's right to remove it, but admitted that he was entitled to pay for the material and necessary labor furnished by him in building the house, claiming, however, that the $273.55 paid by the plaintiff as surety for the defendant, should be offset against the defendant's right to recover for material and labor. The plea further charged that the defendant was wholly insolvent.

The defendant filed a supplemental answer excepting to the plaintiff's supplemental petition, denying the averments therein, and pleading as an offset an account against the plaintiff.

The trial judge filed the following conclusions of fact and law:

"Conclusions of Fact.—The defendant built a house on plaintiff's land under a verbal agreement between them that he (defendant) was to have possession of the premises for five years, free of rent; that said house was to remain on plaintiff's land until defendant's indebtedness to Mitchell Bros. & Dechered, for which plaintiff had gone security, was paid by defendant, after which he should have the right to remove the same at any time; that such indebtedness has not been paid by defendant; that defendant, when this suit was brought, was in possession of said premises and has been for more than one year and had refused to pay such indebtedness or to give up the possession of said house, and the said indebtedness had been paid by plaintiff and defendant was about to remove the house. That defendant was a married man and occupied the premises as a homestead, and had no other homestead.

"Conclusions of Law.—That the contract between the parties, not being in writing, was in contravention of the statute of frauds, and the defendant, more than one year having elapsed, was at the time this suit was brought a tenant at will of plaintiff's. That plaintiff is entitled to the possession of the premises and to hold said house until the indebtedness due by defendant to Mitchell Bros. & Dechered is settled. That when the same is settled, the defendant is entitled to remove said house. That the adjustment of the amount of such indebtedness and the foreclosure of any lien that plaintiff may have on said house can not be considered and disposed of in this action."

Judgment was rendered in pursuance of these findings, and the defendant has appealed.

*Opinion.*—The third assignment of error is addressed to the action of the court in refusing to determine the amount of appellant's indebtedness to Mitchell Bros. & Dechered, for which amount appellee had become surety, and we sustain this assignment and reverse the judgment. The pleadings raised this issue, the parties submitted testimony in reference thereto, and the judgment of the court awards both the land and the house to the plaintiff, granting the defendant permission to remove the house after he has paid off the amount of said indebtedness. The court below appears to have entertained the opinion that it had no jurisdiction to determine the amount of such indebtedness.

In this respect we think the court erred. The court had jurisdiction of the suit, because it was an action of trespass to try title; and under our blended system of law and equity, it had jurisdiction to determine and settle in the one action the defendant's equities, growing out of his building a house on the plaintiff's land. And if the agreement was as found by the court and supported by testimony, that the defendant should have the right to remove the house upon payment of the debt for which

the plaintiff was his surety, the court had jurisdiction to determine the amount of such debt and definitely settle the rights of the parties, although the amount of the indebtedness was alleged to be less than $500.

By another assignment, appellant contends that the house was his homestead, and therefore not subject to the payment of the claim asserted by appellee. In the absence of an agreement for its removal, when a house is erected, it becomes a fixture and part of the realty, and belongs to the owner of the land. According to the findings of fact in this case, the house was built under an agreement that it should remain on the land until appellant paid the indebtedness for which appellee was surety, after which he should have the right to remove the house.

We are of the opinion that the homestead right can not be asserted for the purpose of defeating this agreement. The substance of the contract was that unless appellant discharged said debt, the house should remain a fixture upon the land and belong to appellee. Under this contract, appellee's rights are similar to the rights of a vendor; and it is well settled that the homestead right will not defeat the claim of a vendor for his purchase money. Appellee had the right to dictate the terms upon which appellant would be permitted to build a house upon appellee's land, and it would be unjust to subordinate this right to appellant's claim of homestead. On this question, and all others, except the one presented by the third assignment, we rule against appellant.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*