BROWN *v.* ENNIS.

.Opinion delivered March 2, 1901.

HOMESTEAD—EXEMPTION—PURCHASE MONEY.—The fact that a note given for a part of the purchase money of land was used by the vendor to pay a note which the vendor had executed for a horse did not change the consideration for which the land note was given, nor render the land exempt, as the vendee's homestead, from liability for its payment.

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

*Leming & Hon,* for appellants.

If appellants' claim is for purchase money, it is immaterial whether or not he has a lien, and the land is subject to execution therefor. Const. Ark., art. 9, § 3; 62 Ark. 398. Appellants' claim was for purchase money. 32 Ark. 258; 37 Ill. 438; 62 Ark. 398; 66 Ark. 367; *id.* 442.

*G. S. Evans,* for appellees.

Appellant had no lien. 25 Ark. 129.

BATTLE, J. Is the land constituting the homestead of W. H. Ennis and Martha Ennis exempt from sale under the execution issued upon the judgment recovered by S. C. Brown against W. H. Ennis?

The constitution of this state ordains: "The homestead of any resident of this state who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution, or other process thereon, *except such as may be rendered for the purchase money,* or for specific liens," etc. Constitution, art. 9, § 3ⁱ.

In *Acruman* v. *Barnes,* 66 Ark. 442, it was held that "money borrowed for the purpose of buying a home, and so used, is pur-

chase money, within the exception to article 9, § 3, of the constitution of 1874, exempting homesteads; and in case of the destruction of the residence by fire the borrower cannot hold the insurance money due on a policy taken by him for his own benefit exempt from seizure on process of garnishment or execution for the debt due the lender."

In *Farnsworth* v. *Hoover,* 66 Ark. 367, the facts, in part, are as follows: On August 23, 1890, one Daily and wife owned a certain tract of land, and executed a mortgage thereon to secure a note given by them to the Lombard Investment Company for a $500 loan. On November 12, 1892, Daily and wife sold the land to one Donaldson for $1,800, "subject to the $500 mortgage in favor of the Lombard Investment Company." On December 21, 1892, Donaldson executed a mortgage on the property to Hoover & Bro. for $726, subject to the Lombard mortgage. In April, 1893, A. Farnsworth purchased the land from Donaldson for $2,000, paying $800 in cash, and executing his note for $1,200. In the summer of 1894, Donaldson, learning that Farnsworth would be unable to pay his note at maturity, assisted him in negotiating a contract with Hoover & Bro., to which Donaldson and Farnsworth were parties. By this contract Hoover & Bro. undertook to purchase the Lombard mortgage. Donaldson and wife were to execute a warranty deed to Farnsworth, and surrender his note for the $1,200; and Farnsworth was to execute his notes to Hoover & Bro. for the aggregate amount due on the Donaldson and Lombard mortgages. Hoover & Bro. purchased the Lombard mortgage. In December, 1894, Farnsworth executed his notes to Hoover & Bro. for the amount due on the mortgages. Donaldson and wife conveyed the land to Farnsworth, and Farnsworth and wife executed a mortgage to secure Farnsworth's notes. Mrs. Farnsworth did not join her husband in the granting clause of the mortgage, nor did she release her homestead in the body of the mortgage, nor did she acknowledge the execution of the same, and in the acknowledgment release and relinquish her homestead rights in the land. At the time she and her husband executed the mortgage, they resided on the land as their homestead. Afterwards an action was brought by Hoover & Bro. against Farnsworth and wife to foreclose the mortgage, and the defendants pleaded, among other things, that it was void because the wife did not join in the execution of the mortgage; and the question arose, this being true, was not the mortgage nevertheless valid, it being given to secure the purchase money for which the land mortgaged

was sold? In discussing this question, the court said. "The court found that the mortgage from Farnsworth and wife was invalid. Sand. & H. Dig. § 3713, provides: 'No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity, except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument, and acknowledges the same.' The contract between Donaldson, Farnsworth and Hoover & Bro., by which Donaldson and wife were to execute a warranty deed to Farnsworth, and Farnsworth was to execute his notes to Hoover & Bro., as set forth in the statement of facts, however circuitous the method, was tantamount to an advancement by Hoover & Bro. to Farnsworth of the purchase money to the amount of these mortgages. For, according to the agreement, it was only by paying off these mortgages that Farnsworth was to get his warranty deed from Donaldson to the land. The execution of the mortgage from Farnsworth to W. G. Hoover & Bro. to secure the amount of these mortgages, simultaneously with the execution of the deed from Donaldson to Farnsworth, was in reality nothing more nor less, in effect, than a mortgage to secure the purchase money. It was, in legal effect, the same as if Hoover & Bro. had taken the deed to themselves from Donaldson, and then conveyed the land to Farnsworth, and taken a mortgage back to secure the amount of the Donaldson and Lombard mortgages, which represented the purchase price Farnsworth was to pay for the land."

In the case before us W. H. Ennis executed his note, payable to S. C. Brown, for $85 of the $500 which he agreed to pay one Bodiford for the land he (Ennis) purchased from Bodiford. This note was received by Brown in payment of a note which Bodiford had executed to him for a horse. The fact that the note of Ennis was used to pay a note which was given for a horse did not change its consideration. If it did, how were the $85 which Ennis agreed to pay for the land satisfied? The $85 were set apart for the payment of the Bodiford indebtedness to Brown, and were appropriated to that purpose by Ennis executing his note to Brown for that amount. Eighty-five dollars of the purchase money for the land have never been paid. Bodiford caused it to be transferred to Brown to pay his indebtedness, and Brown is seeking to collect it by selling the land under execution. He is entitled to do so. The land, although it is the homestead of Ennis and his wife, is not exempt. *Boone County Bank* v. *Hensley,* 62 Ark. 398.

So much of the decree of the circuit court as directs the clerk to issue a supersedeas is reversed, and the cause is remanded, with instructions to the court to modify its decree in accordance with this opinion.