ADOLPH PETERSON, APPELLEE, V. AMANDA FISHER ET AL.,
APPELLANTS.

FILED JANUARY 5, 1910.   No. 15,889.

Mortgages: VALIDITY.   A mortgage executed to secure money bor-
rowed for the specific purpose of satisfying a bid for real estate
sold at sheriff's sale, and delivered simultaneously with the
delivery of the officer's deed, is a purchase money mortgage,
valid as against a claim of homestead made by the purchaser's
spouse.

APPEAL from the district court for Sarpy county: LEE
S. ESTELLE, JUDGE. *Affirmed.*

*Ernest R. Ringo,* for appellants.

*James T. Begley, contra.*

ROOT, J.

This is an action to foreclose a real estate mortgage.
Plaintiff prevailed, and defendants appeal.

Some time preceding the year 1899 Ebenezer Fisher
died seized of the land described in the mortgage. In
September of that year the county judge of Sarpy county
entered a final order in the matter of the estate of Eben-
ezer Fisher, deceased, and adjudged the decedent's widow,
Henrietta Fisher, to be his sole heir at law. The collateral
heirs of the deceased seem to have ignored the order, but
the widow, by reason of the facts and the law, became the
owner, during her natural life, of said real estate. In
December, 1899, in an action to foreclose a tax lien upon
said land, the widow and all of the heirs of Ebenezer
Fisher were made parties. The succeeding year a decree
of foreclosure was rendered, and the land duly sold by the
sheriff to Casper Fisher, a brother of Ebenezer Fisher.
The purchaser was unable to pay for the land, and bor-
rowed from plaintiff $500 for that purpose. Henrietta
Fisher departed this life intermediate the entry of the

decree of foreclosure and the execution of said deed and mortgage. Subsequently Casper Fisher died. The defense is that at the time said mortgage was executed the real estate constituted the homestead of Casper Fisher, and that Mrs. Fisher was then insane and the instrument for that reason void. The district court found that Mrs. Fisher was sane at the time she executed the mortgage, but we are of opinion that fact is immaterial. The money was loaned by plaintiff to Casper Fisher to purchase said land and for no other purpose. The money was paid and the mortgage and the sheriff's deed executed as simultaneous acts, so that at no time during the transaction did a homestead estate vest in Casper or Amanda Fisher which they can assert as against the lien of said mortgage. *Prout v. Burke,* 51 Neb. 24; *Jackson v. Phillips,* 57 Neb. 189; *Acruman v. Barnes,* 66 Ark. 442.

Defendants argue that Casper Fisher was an heir of his brother Ebenezer and therefore part owner of the land before the suit to foreclose the tax lien was instituted; that his ownership continued up to the time he signed the mortgage in controversy, and that the evidence is undisputed that he occupied the land with his family for some years next preceding the execution of plaintiff's mortgage. The evidence, however, does not show in what capacity he occupied said land; whether as tenant of his brother's widow, who owned the life estate and was entitled to sole possession thereof, or by virtue of some right independent of his brother's seizin and title. In any event, consummation of the sheriff's sale cut off Amanda Fisher's estate in the land, and at no time between the instant her interest was thus extinguished and the lien of the mortgage created did a homestead estate vest in Mr. or Mrs. Fisher so as to prejudice the rights of the mortgagee. We have not overlooked the principle of law directing a sheriff's deed to relate back to the date of sale, but it has no application to the case at bar.

While we are willing at all times to protect a *bona fide* homestead, we shall not place a strained construction

upon evidence, nor the law applicable thereto, for the purpose of defeating an honest lien created for the benefit of defendants' privy in title, and but for which they probably would not at this time possess or enjoy any interest whatever in the land in litigation.

We find no error in the record, and the judgment of the district court is

AFFIRMED.