## BUZZARD et al. v. ODLE et al.

No. 28252.   Feb. 14, 1939.

Rehearing Denied April 18, 1939.

Application for Leave to File Second Petition for Rehearing Denied April 25, 1939.

A. R. Dunn, for plaintiffs in error.

L. Keith Smith, for defendants in error.

PER CURIAM.  E. L. Odle entered into a written agreement with Mat Buzzard on the 18th day of October, 1935, by which agreement he traded a farm in Delaware county for a house and lot and a stock of merchandise and fixtures in Seneca, Mo. By this trade Mat Buzzard and Cora Buzzard obtained a farm of approximately 40 acres in Delaware county, title to which at the time of the suit was in the name of Cora Buzzard, and Viola Odle and E. L. Odle obtained the said stock of merchandise and fixtures.  Mat Buzzard by his conveyance in the bill of sale warranted that the stock and fixtures were clear of all encumbrances except a $20 lien on a refrigeration unit. As a matter of fact, at the time of the trade Mat Buzzard was heavily indebted on former partnership debts originating out of the operation of the business long prior to the trade.  This indebtedness approximated $1,500.  One of the creditors began legal proceedings for the collection of the debt incurred in this old business operation, and it was stipulated and agreed at the trial between the parties that the necessary legal proceedings were taken for the collection of this debt, resulting in a complete loss of the stock and fixtures by the plaintiffs.

This suit was brought to recover $1,220.13, for damages by reason of the loss of said store.  The petition alleged:  First, that the plaintiffs lost the stock of merchandise to the value of $78.33; second, that the plaintiffs lost the fixtures approximating $600 in value; and, third, that they lost certain trade between the date of October 18, 1935, and the date at which it was finally sold at forced sale, for which they sought $500.  Certain special expenses were included to make a total of $1,220.13.

The parties will be referred to as plaintiffs and defendants.  In a separate action styled the second cause of action, the plaintiffs pleaded the former allegations, making them a part of this cause of action as if fully set out in the same.  That by reason

of fraud and misrepresentation heretofore alleged, plaintiffs have a lien against the said property.

Judgment was for $500 upon the verdict of the jury, and the court at the time of rendering judgment entered a judgment declaring the same a lien against the premises sold by the plaintiffs to the defendants. At the time of the trial, and so far as the record shows to the present time, the said farm is in the name of Cora Buzzard and is admittedly occupied as the homestead of said Mat Buzzard and Cora Buzzard.

The first specification of error is that the court erred in overruling the demurrer to the petition. We are of the opinion, and hold, that the petition stated a cause of action. The allegations are above referred to. The action is founded upon the fraud and misrepresentation of the defendants made to the plaintiffs that said stock of merchandise was free and clear of all encumbrances, and the damages are specifically pleaded sufficient to withstand said demurrer.

The second specification of error is that the court erred in refusing to sustain a demurrer to the evidence and in refusing to direct a verdict for the defendant. None of the evidence is abstracted under Rule 15 of this court. We have examined the evidence, however, and are of the opinion that it sustains the allegation of the petition. In this connection it was alleged that it was not the duty of the plaintiffs to resist suit by the creditors, and was the duty of the defendants to defend this suit. Plaintiffs were offering to prove the legal proceedings incidental to the loss of said stock and fixtures when it was stipulated by and between the parties as hereinabove set forth that the necessary legal proceedings had been taken by which the plaintiffs lost the stock and fixtures by virtue of a forced sale. At that time the attorneys for the defendants stated into the record that the record showed such proceedings. In view of this stipulation we hold that the defendants cannot now assert that the record does not show that the plaintiffs lost their stock and fixtures by proceedings which were legal and binding, and the question of whether or not the defendants should have appeared and defended against such action as they admitted to be legal is of no consequences. Neither can the defendants successfully urge at this stage that the stock and fixtures were illegally disposed of under the laws of Oklahoma, whereas the laws of Missouri applied.

The next two specifications of error are that the court erred in giving certain general instructions and the court erred in decreeing a lien against the premises involved. So far as the general instructions relating to damages are concerned, we hold that the defendants are within the rule that a general exception to a charge containing several instructions, some of which are correct, fails to comply with the law with relation to saving the necessary exceptions and such objection is insufficient. Paschal & Brothers v. Bohannan, 59 Okla. 139, 158 P. 365; Scott v. Scott, 129 Okla. 176, 264 P. 159. In this connection it is also urged that the court was without authority to enter judgment against the defendant Cora Buzzard for the reason that she has no connection with the action for damages. The assignments of error are made by a joint petition in error and this court has repeatedly held that an assignment of error which is not good as to all of the plaintiffs in error will not be considered as to one. Jones v. Webb, 180 Okla. 6, 67 P.2d 801.

This brings us to the final and concluding assignment of error, which is that the court was without authority to enter a lien against the premises in an action for damages as in the case at bar. Defendants cite and rely upon some general authorities with relation to the exemption of the homestead. Plaintiff cites Hamra v. Fitzpatrick, 55 Okla. 780, 154 P. 665, to the general rule that a part of the purchase price of a homestead is a lien thereon.

Independent research has disclosed the following cases: Brown v. Ennis, 69 Ark. 123, 61 S. W. 379, 86 Am. St. Rep. 171; Acrumen v. Barnes, 66 Ark. 442, 74 Am. St. Rep. 104, 51 S. W. 319; Home Bldg. & Loan Ass'n v. McKay, 217 Ill. 551, 108 Am. St. Rep. 263, 75 N. E. 569; Kay v. Hathaway, 21 Tex. Civ. App. 466, 51 S. W. 663; Bond v. Nat. Exchange Bank (Tex.) 53 S. W. 71; Harris v. Larson, 24 Utah, 139, 66 P. 782; Ayres v. Probasco, 14 Kan. 175; Nichols v. Overacre, 16 Kan. 54; Foster Lbr. Co. v. Harland County Savings Bank, 71 Kan. 148, 80 P. 49, 114 Am. St. Rep. 470; Platt v. Platt, 50 Fla. 594, 39 So. 536; Moore v. Moore, 1 Ky. Law Rep. 32; Moss v. Hall, 79 Ky. Law. Rep. 89; Matney v. Williams, 28 Ky. Law. Rep. 494, 89 S. W. 678.

Starting with the simple rule announced in Moss v. Hall, supra, and related cases that the constitutional provision and laws generally enacted by states with relation to the exemption of homestead do not cover the purchase price; leading down to the rule as distinguished in Harris v. Larson, supra; Kay v. Hathaway, supra; and Brown v. Ennis, supra, the rule is quite general,

if not universal, that any obligation arising in a trade or exchange of property which can by any implication be declared "purchase price" or any part thereof is a lien upon the homestead so long as the debt remains due or the obligation remains unpaid.

In Harris v. Larson, supra, the defendant agreed to trade certain hogs for the homestead. In an action for the value of the hogs it was held that the plaintiff could levy an execution upon the premises claimed as a homestead to satisfy the judgment for the value of said hogs. In Kay v. Hathaway, supra, it was held that where the defendant built a house upon the lands of the plaintiff and agreed before removing the same that he would pay an obligation which he had created to a third party and upon which the plaintiff was surety, the defendant could not claim a homestead and defeat the plaintiff's right to have the defendant pay said obligation before he removed the building. In Brown v. Ennis, supra, plaintiff purchased land and assumed as part of the price a debt of the seller to a third person incurred in the purchase of a horse and executed a note therefor to such third person. It was held that the payee of the note could collect by selling the land under execution though it was claimed by the defendant who had created said obligation as a homestead. In Brown v. Ennis, supra, the court uses the term "dishonesty" in such transaction and points out that the policy of the law in protecting a homestead against such levy would be defeated by such "dishonesty" and that equity would not tolerate such condition.

In all of the above cases it will be noted that the proceeding is in some form one to obtain the purchase price or the remaining part of the purchase price due on the theory that it is a lien against the homestead as a part of said purchase price. It may be urged that Harris v. Larson, supra, which sustains an action in the nature of damages for the failure to deliver hogs is like the case at bar. We do not think so. There the action was for the admitted value of hogs, which was a part of the purchase price. In other words, the hogs were directly connected with and a part of the purchase price transaction. This principle is pointed out in Platt v. Platt, supra, in which the court states that if there remained due an obligation or debt to be paid or duty to be performed which can be declared a part of the purchase price, the same constituted a lien against the homestead. The suit therein was in

equity to force a former partner to meet obligations assumed in the sale of a stock of merchandise. In the case at bar the action for damages for $1,220.13 arose out of the three above-named items, to wit, the loss of the stock, the loss of fixtures, the loss of trade. It is not remotely connected with or a part of the purchase price. In fact, in the second cause of action, plaintiffs do not allege that they seek a lien because it is a part of the purchase price. We are of the opinion, and hold, that the court erred in decreeing a lien against the above-described premises and in so far as the judgment herein attempts to create a lien against said premises it is vacated; otherwise, the judgment is affirmed.

Affirmed in part and vacated in part.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.