CHARLES H. HILDRETH *vs.* ANSON W. ALDRICH.

A party cannot impeach his own witness by proof through other witnesses of contradictory statements, unless the witness is one whom the law obliges the party to call.
A party disappointed in his witness may, to refresh the witness's recollection, ask him if he has not made contradictory statements, but cannot prove such statements by other witnesses.

EXCEPTIONS to the Court of Common Pleas.

*October* 17, 1885. DURFEE, C. J. This is an action of trespass *de bonis asportatis*, the property alleged to have been taken being a horse, wagon, and harness. The defendant pleaded in justification that the property was taken under a writ of attachment in an action brought by him against the plaintiff in the Court of Common Pleas. The replication was that the defendant fraudulently procured the property to be brought into the State from Massachusetts so that he could attach it. In trial to the jury the plaintiff called one Ebenezer Allen as a witness for the purpose of proving that the defendant had gotten him to send a Mr. Parker, who was in his, Allen's, employ, to Worcester to procure and bring a horse and wagon belonging to the plaintiff into the State for the defend-

ant to attach. The witness Allen denied having done so. He was then asked if he had not told the plaintiff's counsel that he had done so, and answered that he did not remember. The plaintiff then called another witness, and asked him to state whether or not the witness Allen said so. The question was allowed after objection, and the defendant took an exception.

We think the court below erred. There are doubtless some cases which support or countenance the ruling, but the weight of authority, both English and American, is against it. The decisions on the point are very fully cited and reviewed in *Cox* v. *Eayres*, 55 Vt. 24; also in 45 Amer. Reports, 583; the conclusion of the court there being that a party cannot be permitted to impeach his own witness by proof by other witnesses of prior contradictory statements, unless the witness is one whom the law obliges the party to call. We think this is the rule which has been observed by the courts here, though we have no reported decision on the subject. And see, besides cases cited in *Cox* v. *Eayres, supra,* Wharton on Evidence, § 559; *Hull* v. *The State*, 93 Ind. 128; 2 Phillips on Evidence, *985 *sq.;* and Cowen & Hill's note 5, on p. *995. The plaintiff, however, says that his object was not to impeach his witness, but to refresh his witness's recollection. We think a party who is disappointed in his witness may be allowed to ask him if he has not made contradictory statements, for the purpose of refreshing the witness's recollection. The plaintiff was allowed to do so without objection. We know of no case which holds that, if the witness's recollection is not thus refreshed, the contradictory statements may be put in evidence by other witnesses. It is very clear that, if the only purpose is to refresh the witness's recollection, the purpose can be served as well by questions in regard to the statements as by proof of them; whereas, if proof of them be allowed, the jury is very likely to take it as proof of the facts stated, thus giving to mere hearsay the effect of sworn testimony. *Exceptions sustained.*

*Ballou & Jackson*, for plaintiff.

*Wilson & Jenckes*, for defendant.