DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. J. J. MCALLISTER.

Decided December 9, 1905.

**1.—Personal Injury—Specific Allegations.**

In stating his injuries the plaintiff should set out the actual known facts of injury and their consequences. They should be alleged with as much reasonable certainty as their character and nature permit, so as to advise the opposite party of the extent of the injury, the basis for damages, and the character of proof to expect.

**2.—Contradicting One's Own Witness.**

A party to a suit will not be permitted to impeach the general reputation of his witness for truth and veracity; but he may, for the purpose of refreshing the memory of the witness and awakening his conscious, ask him if he did not on a particular occasion make a contrary statement; and if he denies it, the party will be permitted to prove the same.

**3.—Remarks of the Court Prejudicial to Counsel.**

Remarks of the court in the hearing of the jury concerning counsel, considered and held calculated to reflect upon the counsel and prejudice his client's cause, and therefore reversible error.

**4.—Contributory Negligence—Defense—Pleading and Evidence.**

Defendant by its pleading charged the plaintiff with contributory negligence in attempting to alight from a moving car; the evidence tended to disclose only this ground of negligence against the plaintiff; the court required the jury to find (1) that plaintiff was injured in attempting to alight from the moving car; (2) that his so doing was negligence; and (3) that such negligence contributed to his injuries. Held, error. If plaintiff was injured in alighting from the car, and such act was negligence, he could not recover, and in requiring the jury to find that such act contributed to his injury the charge submitted an issue not raised by the pleading or evidence.

**5.—Expense for Medicine.**

There being no evidence that the expense for medicine was reasonable it should not have been submitted to the jury.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Finley, Knight & Harris,* for appellant.—The pleading should set forth with reasonable clearness and certainty the nature, character and extent of the injury alleged to have been sustained, and the allegations of the injuries alleged to have been sustained by appellee being general, vague and uncertain, the special exceptions challenging the sufficiency of such allegations should have been sustained and those portions of the pleadings stricken. San Antonio & A. P. Ry. v. Adams, 24 S. W. Rep., 839; Dallas Street Ry. v. Ison, 83 S. W. Rep., 408; City of Marshall v. McAllister, 43 S. W. Rep., 1043.

Where a witness unexpectedly gives material evidence against the party calling him, such party may, for the purpose of refreshing the memory of the witness and awakening his conscience, ask him if he did not on a particular occasion make a contrary statement. 30 Am. & Eng. Enc. of Law, 2d ed., pp. 1130-1132, and authorities cited; Code of Criminal Procedure, art. 795; Gulf, C. & S. F. Ry. v. Mitchell, 51 S. W. Rep., 663; Parlin & Orendorff Co. v. Miller, 60 S. W. Rep., 883; Hall v. Clountz, 63 S. W. Rep., 942.

It is prejudicial error for the trial judge, in the presence and hearing of the jury, to use language to or concerning counsel engaged in the trial of a case, which has a tendency to bring said attorney into contempt before the jury, or which tends to prejudice him before the jury, or to disparage him in the eyes of the jury. 16 Am. & Eng. Enc. of Law (Old Ed.), 522; 21 Enc. Plead, & Prac., 974; McDuff v. Detroit Evening Journal, 47 N. W. Rep., 671; Williams v. West Bay City, 78 N. W. Rep., 328; Walker v. Coleman, 40 Pac. Rep., 641; Cone v. Citizens' Bank, 46 Pac. Rep., 415; House v. State, 57 S. W. Rep., 825.

The pleadings and evidence, so far as the issue of contributory negligence was involved, only raised the issue whether plaintiff attempted to alight from the car while it was in motion, and whether such act was negligence on his part. It was therefore confusing, misleading and erroneous, as submitting an issue not raised by the pleadings and evidence, to require the jury to find whether such act charged to be negligence contributed to plaintiff's injury. Texas & Pac. Ry. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. v. Rowland, 90 Texas, 365; El Paso & S. W. Ry. v. Vizard, 13 Texas Ct. Rep., 448; Gulf, C. & S. F. Ry. v. Hill, 70 S. W. Rep., 107; Gulf, C. & S. F. Ry. v. Bryant, 66 S. W. Rep., 808; Mercher v. Texas Midland Ry., 85 S. W. Rep., 470; Ebert v. Gulf, C. & S. F. Ry., 49 S. W. Rep., 1105; Wilcox v. San Antonio & A. P. Ry., 33 S. W. Rep., 381; Railway v. Lovett, 74 S. W. Rep., 570; Dallas St. Ry. v. Ison, 83 S. W. Rep., 408.

Where the court in one portion of his charge erroneously presents for the determination of the jury a question not in issue, such error is not cured or rendered harmless by a correct presentation of the question in another portion of the charge. The jury is not required to reconcile conflicting charges. Baker v. Ash, 80 Texas, 361; Edwards v. Dickson, 66 Texas, 615; Snyder v. Morris, 38 S. W. Rep., 219; Gonzales v. Adoue, 94 Texas, 125; Missouri, K. & T. Ry. v. Mills, 65 S. W. Rep., 75; Liverpool Ins. Co. v. Joy, 62 S. W. Rep., 546; International & G. N. Ry. v. Lehman, 66 S. W. Rep., 215; Burnett v. Lembach, 39 S. W. Rep., 1015; International & G. N. Ry. v. Welch, 86 Texas, 203.

*Hall, Flippen & McCormick,* for appellee.—That the allegations of the petition in connection with the trial amendment were sufficiently certain, cited: Western U. Tel. Co. v. Carter, 21 S. W. Rep., 688; Richerson v. Moody, 42 S. W. Rep., 317; Land v. Klein, 50 S. W. Rep., 638; Pullman Car Co. v. Nelson, 54 S. W. Rep., 624; Alexander v. McGaffey, 12 Texas Ct. Rep., 568.

The examination of said witness Bishop was permitted sufficiently to afford him an opportunity to say whether or not he had made contradictory statements and to correct or explain any contradiction between his testimony on the stand and previous statements claimed to have been made by him to defendant's counsel, R. E. L. Knight and its agent, H. H. Jones. Blooming Grove Cotton Oil Co. v. First Nat. Bank, 56 S. W. Rep., 553; Nunn v. Mayes, 30 S. W. Rep., 480; Texas & Pac. Coal Co. v. Lawson, 31 S. W. Rep. 848; Denison Elec. Ry. v. O'Malley, 45 S. W. Rep., 227; 30 Am. & Eng. Ency. Law (2d ed.), p. 1123 (d), and cases cited.

That the language of the court complained of was harmless and did not prejudice defendant's case before the jury: Dallas Street Ry. v. Broadhurst, 5 Texas Ct. Rep., 78-79; Alexander v. McGaffey, 12 Texas Ct. Rep., 569.

When contributory negligence is relied upon as a defense and supported by proof the issue should be submitted to the jury. Only in case where the existence of the acts claimed to be negligent are proved to have so contributed, or, from the physical circumstances proven, inevitably and as a matter of law had that effect, and where therefore the only question is as to whether or not, under the circumstances of the case, said acts were negligent, is it improper to also submit, as a question of fact to be determined by the jury, whether or not said acts contributed to the injury. Galveston, H. & S. A. Ry. Co. v. Gormley, 35 S. W. Rep., 489; International & G. N. v. Neff, 87 Texas, 307; International & G. N. Ry. Co. v. Sein, et al., 87 Texas, 310; Gulf, C. & S. F. Ry. Co. v. Allbright, 26 S. W. Rep., 251; Houston & G. N. R. R. v. Randall, 50 Texas, 260; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 7, 8; Ft. Worth & D. C. Ry. Co. v. Taliaferro, 19 S. W. Rep., 432; Texas & P. Ry. Co. v. Geiger, 79 Texas, 21; International & G. N. v. Ormond, 64 Texas, 489; Martin v. Texas & Pac. Ry. Co., 87 Texas, 121; Hoover v. Texas & Pac. Ry. Co., 61 Texas, 505; International & G. N. Ry. Co. v. Garcia, 75 Texas, 591; Texas & Pac. Ry. Co. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; Gulf, C. & S. F. Ry. Co. v. Hill, 70 S. W. Rep., 107; Thomp. on Neg. (2d ed.), secs. 2922-2926.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit instituted for damages on account of personal injuries alleged to have been sustained by appellee on January 15, 1904, while attempting to alight from one of defendant's cars at a point on its track near the intersection of Cedar Springs road and Argyle avenue.

Defendant answered by general and special exceptions, general denial and a plea of contributory negligence. A trial resulted in a verdict and judgment for plaintiff for $2,500 and defendant appeals.

Appellant groups its first, second and third assignments, which complain of the court's action in overruling certain special exceptions, and submits as a proposition thereunder, that the pleadings should set forth with reasonable clearness and certainty the nature, character and extent of the injury alleged to have been sustained and that inasmuch as the allegations in the petition in this respect are general, vague and uncertain its special exceptions challenging the sufficiency of these allegations should have been sustained.

The petition alleges that by reason of the accident appellee was permanently injured in the back, spine, eyes, ears, head, neck, breast, arms and in the bones, muscles and arteries of his body. In his trial amendment he alleges that "he was seriously and permanently injured in his right shoulder, which was broken by said fall, and the bones, all of them, in his shoulder were broken and crushed and the muscles, all of them, in his said shoulder were wrenched, lacerated and bruised so that inflammation was caused, accompanied by discoloration and soreness, causing great pain and mental anguish; that the leaders and muscles of his right arm, and all of them, extending to and into his right hand were wrenched, strained and torn and he has permanently lost the use of said right arm and hand for any character of labor by reason of said injuries resulting in permanent stiffening and dislocation of all of said bones and muscles of the right shoulder, arm and hand, and rendering all of said members and parts of the body permanently numb and useless for any character of labor; that the muscles of the right side, neck and back and all of them, were wrenched and strained by said fall, causing great pain and suffering for a period of about two months after said fall, but same were not permanent, and that his hearing which was before the accident defective, was by the said fall seriously impaired and rendered less acute; and that by reason of said fall and injuries he has become an invalid and cripple for and during his natural life."

Neither the original petition nor the trial amendment anywhere alleged the nature, character and extent of the injuries to the spine, eyes, ears, head, neck and breast; nor is it alleged that a more specific description of said injuries could not be given.

In stating his injuries the plaintiff should set out the actual known facts of injury and their consequences. They should be alleged with as much reasonable certainty as their character and nature permit, so as to advise the opposite party of the extent of the injury, the basis for damages and the character of proof to expect. If the nature, extent and character of the injuries can not, for any reason, be stated then the petition should so state. San Antonio & A. P. Ry. v. Adams, 24 S. W. Rep., 839; Dallas Street Ry. v. Ison, 83 S. W. Rep., 408; City of Marshall v. McAllister, 43 S. W. Rep., 1043.

Tested by this rule, the general allegation of injuries to the back, spine, eyes, head, neck and breast were insufficient, as being too general, when challenged in that particular by a special demurrer, and as to these the special demurrer should have been sustained. However, the only testimony offered as to such injuries, was that of the appellee, that it "made him weak all over," and that of Dr. Armstrong, that "appellee had a broken bone in the upper part of his arm, and that he was bruised up on that side." The specific injuries set out in the trial

amendment, were sufficient to admit this testimony and hence the ruling on the special demurrer becomes harmless.

The fourth and fifth assignments challenges the court's ruling in refusing to permit defendant's counsel to ask his witness, Bishop, if he did not on the day after the accident, at the home of Mr. John Fields, state to H. H. Jones that the car stopped in front of the church; that he looked back and saw Mr. McAllister getting up about sixty feet back of the car after it had stopped in front of the church. That at the time Mr. McAllister was nearer Oak Lawn Avenue than he was to Argyle Avenue; that the conductor got a signal to stop just as the car turned onto Cedar Springs road off of Argyle, and that the car was slowing up as it passed where he saw McAllister getting up. It was made to appear that counsel was surprised at the testimony of the witness, in that his testimony on the stand was materially different from his statements prior to the trial. The plaintiff's counsel objected to the question and answer on the ground that the defendant could not impeach its own witness. The objection was sustained and defendant took an exception, which is made the basis of its fourth assignment.

The same counsel then proposed to show by his witness, Bishop, that about thirty minutes before being placed upon the stand he took a pencil and made a diagram of Argyle Avenue, Cedar Springs road and Oak Lawn Avenue and indicated thereon where Mr. McAllister fell, showing that he fell just ten feet north of Oak Lawn Avenue, and that said diagram was still in the witness room. This testimony was objected to on the ground that defendant could not impeach its own witness. The objection was sustained and defendant excepted and the ruling is made the ground of the fifth assignment. The witness testified on the stand that the accident occurred just as the car came off the curve leading from Argyle Avenue to Cedar Springs road. The theory of the defendant was that the accident occurred about ten feet north of Oak Lawn Avenue and as the car was slowing up and that the witness had repeatedly so stated prior to the trial. It seems clear that a party to a suit will not be permitted to impeach the general reputation of his witness for truth and veracity. But if a witness unexpectedly gives material evidence against the party who called him, such party may, for the purpose of refreshing the memory of the witness and awakening his conscience, ask him if he did not on a particular occasion make a contrary statement. 30 Am. & Eng. Enc. of Law, 2d ed., pp. 1130-1132, and authorities cited; Code of Crim. Proceed., art. 795; Gulf, C. & S. F. Ry. v. Mitchell, 51 S. W. Rep., 663; Parlin & Orendorff Co. v. Miller, 60 S. W. Rep., 883; Hall v. Clountz, 63 S. W. Rep., 942. Whether or not after the witness denies the making of such prior statements, the party will be permitted to prove the same, is a question upon which there exists a diversity of opinion, many courts holding such testimony not admissible. Gillett Ind. & Col. Ev., sec. 89. In this State, however, the evidence is held admissible. Southwestern Coal & Imp. Co. v. Rohr, 15 Texas Civ. App., 404; Hord v. Gulf, C. & S. F. Ry. Co., 76 S. W. Rep., 227. See, also authorities first above cited. The witness Jones was permitted to testify to the statements made by the witness Bishop at the home of John Fields the next day after the accident, as to how it occurred, and these statements differed materially from the

testimony of the witness on the trial. Mr. Knight was also introduced and testified to statements made to him by the witness about one hour before testifying in the case as to how the accident occurred, and these statements differed from the testimony of the witness on the stand.

It is insisted by appellee that this evidence made the court's ruling in refusing to permit the witness Bishop to answer the question propounded to him, harmless. In this contention we do not concur. The appellant was entitled to have the answer of the witness to the question, to induce him, if possible, by the refreshing of his recollection, to change and correct his testimony. Bullard v. Pearsall, 53 N. Y., 230; White v. State, 87 Ala., 24, 5 So. Rep., 829; Hildreth v. Aldrick, 15 R. I., 163, 1 Atl. Rep., 249.

During the trial and while the testimony was being introduced a misunderstanding arose between the attorneys for the parties as to whether a certain square, marked on the diagram of the locality of the injury, about which the witness had testified, indicated the Moss residence or the cause-way about which the plaintiff had testified; thereupon the attorneys for each side approached the bench, and in a low tone of voice, attempted to call the court's attention to the misunderstanding, coupled with a request that Mr. McAllister be put back on the stand in order that plaintiff's counsel might make such proof as he desired; whereupon the court asked counsel for defendant if he wished to go back on the agreement which he had made, to which counsel for defendant replied that he did not wish to go back on any agreement whatever, but the counsel for plaintiff had mistaken the square on the diagram for Mr. Moss' residence, when in fact is represented a cause-way leading to the Moss corner, and counsel for defendant then and there excepted to the remarks of the court, and reserved a bill of exceptions thereto. Whereupon Mr. Flippen, counsel for plaintiff, stated to the court that he had assumed that the square indicated the Moss residence, and had assumed that the plaintiff, on his former examination had made the remark shown on the diagram with reference to said residence, but that he was informed by defendant's counsel that said square did not indicate the Moss residence, but a cause-way leading to the Moss corner, and that said square was not on the diagram at the time the mark was made by the plaintiff, Mr. McAllister, indicating the location of the car at the time he signaled the conductor; whereupon the court, in a loud tone of voice, and in the presence and hearing of the jury, directly addressing his remarks to counsel for plaintiff, stated: "If they (meaning counsel for defendant) won't stand by what they have agreed to in open court, put the witness back on the stand," to which remarks and manner of the court, defendant then and there in open court excepted and reserved its bill of exceptions whereupon counsel for plaintiff recalled Mr. McAllister and placed him on the stand, and he testified in terms and substance as shown by the statement of facts. The statement of facts tends to support the appellant's counsel that the square on the diagram represented the cause-way and not the Moss residence.

An attorney at law is an officer of the court, and as such is under special obligation to be considerate and respectful in his conduct and communications to the court or judge. He is also as such officer en-

titled to such treatment from the trial judge that the interest of his client will not be prejudiced. The trial judge is vested with large discretion in the conduct of the trial of causes, and an Appellate Court will not interfere to control the exercise of such discretion, unless there has been an abuse or most unwise use thereof. Am. & Eng. Enc. Pl. & Pr., vol. 21, pp. 974, 975. It must be conceded that the standing and reputation of counsel for fairness and honorable conduct, and his real or apparent standing with the court, has great weight with the jury in determining the importance to be attached to the evidence introduced by such attorney, as well as to his argument in discussing such evidence. If the jury be of opinion that counsel is a man who, in the defense of a suit, would resort to questionable and dishonorable methods to gain advantage, they would naturally expect the same conduct in the presentation of the evidence and in the argument of the case.

As stated by the Supreme Court of Michigan, in McDuff v. Detroit Evening Journal, 47 N. W. Rep., 671, "Appellate Courts must presume that one occupying so important a position as that of circuit judge can influence a jury. It is their duty to follow his instructions as to the law. Whenever he expresses an opinion on any disputed fact, or of the character of a witness, or compliments one attorney at the expense of the other, or uses language which tends to bring an attorney into contempt before a jury, or uses any language which tends to prejudice them, he commits an error of law, for which the verdict and judgment must be promptly set aside." The remarks of the judge were directed to defendant's counsel and implied that he had violated an agreement made by him in open court and that such act made it necessary to place the witness back on the stand. These remarks, and the tone of voice in which they were made, were calculated to reflect upon the counsel and prejudice his client's case with the jury, and in our opinion constitute reversible error. 21 Enc. Plead. & Prac., 974; McDuff v. Detroit Evening Journal, supra; Williams v. West Bay City, 78 N. W. Rep., 328; Walker v. Coleman, 40 Pac. Rep., 641; Cone v. Citizens Bank, 46 Pac. Rep., 415; House v. State, 57 S. W. Rep., 825.

The following paragraph of the court's charge is assailed: "If you find that a preponderance of the testimony before you shows that. on the occasion of the accident about which the witnesses before you have testified, the defendant's conductor and mortorman, or either of them, failed to exercise such care for the plaintiff's safety as a very prudent, cautious and competent person would have exercised under like circumstances, and that such failure to exercise such care, if there was such failure, caused said accident, and that as the direct result of said accident plaintiff was injured, then, unless a preponderance of the testimony shows that the plaintiff failed to exercise such care for his own safety as a person of ordinary prudence would have exercised under like circumstances, and that such failure on his part to exercise such care, if there was any such failure, caused said accident, or if you fail so to find that plaintiff was injured as the direct result of said accident, or if you do so find that the plaintiff failed to exercise such care for his own safety, then in either such event your verdict should be for the defendant."

It is insisted that the pleadings and evidence, so far as the issue of contributory negligence is involved, only raised the issue whether plaintiff attempted to alight from the car while it was in motion and whether such act was negligence on his part, and that it was confusing, misleading and erroneous, as submitting an issue not raised by the pleadings and evidence, to require the jury to find whether such act charged to be negligence contributed to plaintiff's injury.    The only ground of negligence charged by appellant against appellee in its pleading was, that appellee negligently attempted to alight from one of the appellant's cars while the same was in motion and before it had stopped for passengers to alight therefrom.    The evidence tended to disclose only one ground of negligence against appellee, and that was his attempt to alight from one of the defendant's cars while the same was in motion and be-fore it had stopped for passengers to alight therefrom.    Under the pleadings and evidence the jury by this charge, in order to return a verdict for defendant, were required to find first, that the appellee was injured in attempting to alight from a moving car, and second, that his so doing was negligence, and third, that such negligence contributed to his injuries.    If appellee was injured in attempting to alight from a moving car and his act in so doing was negligence, he could not re-cover; and in requiring the jury to find that such act contributed to his injury the charge submitted an issue not raised by the pleadings or evidence and was confusing and misleading.    Such a charge in simi-lar cases has been held erroneous.    Texas & Pac. Ry. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. v. Rowland, 90 Texas, 365; El Paso & S. W. Ry. v. Vizard, 13 Texas Ct. Rep., 448; Gulf, C. & S. F. Ry. v. Hill, 70 S. W. Rep., 107; Gulf, C. & S. F. Ry. v. Bryant, 66 S. W. Rep., 808; Mercher v. Texas Mid. Ry., 85 S. W. Rep., 470; Ebert v. Gulf, C. & S. F. Ry., 49 S. W. Rep., 1105; Wilcox v. San Antonio & A. P. Ry., 33 S. W. Rep., 381; Gulf, C. & S. F. Ry. v. Lovett, 74 S. W. Rep., 570; Dallas St. Ry. Co. v. Ison, 83 S. W. Rep., 408.    This error is not cured by the last clause of the charge quoted, reading: "Or if you do so find that the plaintiff failed to exercise such care for his own safety, then in either such event your verdict should be for the defendant." This clause, although correct, conflicts with the former clause and for this reason does not cure the error in the previous clause, nor render such error harmless.    Baker v. Ash, 80 Texas, 361; Edwards v. Dickson, 66 Texas, 615; Snyder v. Morris, 38 S. W. Rep., 219; Gonzales v. Adoue, 94 Texas, 125.    Mr. Rainey, Chief Justice, does not concur in the conclusion that there is error in the above charge.    He does concur in the conclusion that the judgment should be reversed for the other errors herein pointed out.

The charge of the court complained of in the eighth assignment, presented in its brief, is erroneous in submitting to the jury as a basis for their verdict, the expense for medicines incurred in the treatment of appellee.    The evidence did not disclose that the amount incurred for medicines was reasonable and, hence, no recovery therefor could be had.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*