GULF, C. & S. F. RY. CO. et al. v. HARRELL et al. (No. 6851.)

(Court of Civil Appeals of Texas. Austin. April 15, 1925. Rehearing Denied May 13, 1925.)

1. **Railroads ☞5½, New, vol. 6A Key-No. Series—Contract, limiting liability of carrier, permissible during government control.**

During government control, contract between railroad and shipper, limiting common-law liability of railroad, was permissible.

2. **Carriers ☞218(7)—Contract, limiting recovery for loss in shipment, construed to permit recovery for damages, not to exceed specified value of animals.**

Where contract limited recovery for loss of sheep in shipment to $3 per head, recovery for damage in shipment is not limited to part of actual loss computed on basis of proportion of value specified in contract to actual value found by jury, but recovery could be had for actual damages not to exceed value specified in contract.

3. **Carriers ☞218(7)—Contract between shipper and railroad, limiting liability, held not to require damages to be measured by value at shipping point.**

Shipping contract, providing that payment for loss should be made only on basis of actual cash value at time and place of shipment, but not to exceed value specified, did not require damages to be measured by value at shipping point rather than value at destination in condition in which animals should have arrived, and, in absence of pleading or proof of actual value at shipping point, it was not necessary to take it into consideration.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by C. K. Harrell and others against the Gulf, Colorado & Santa Fé Railway Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Terry, Cavin & Mills, of Galveston, and Snodgrass, Dibrell & Snodgrass, of Coleman, for appellants.

Baker & Weatherred, of Coleman, for appellees.

BLAIR, J. This is the second appeal in this case. We do not find where the opinion of the first appeal has been published, and it will be necessary to again state the case. [See subsequent publication, 270 S. W. 187.]

The suit is for damages to a shipment of 881 sheep from Amarillo to Santa Anna. They were delivered in good condition for shipment, but the carrier confined them on the cars for about 51 hours without food, rest, or water; and, because of hunger from the long confinement, they ate the wool off each other's back. Other injuries from rough handling and overloading of the cars were alleged and proved. Five of the sheep valued at $12 each were lost, and the remainder were damaged $3 per head, according to the allegations of the petition, as a result of this negligence of the carrier.

The carrier answered formally, and that the shipment was made while the railroads were being operated under government control as a war measure, and specially pleaded as follows the contract of shipment as a limitation of its liability:

"Further answering herein, said defendant represents that the said shipments of sheep were interstate, and were transported under written contracts of shipment, which contracts of shipment contained, among others, the following stipulations, to wit:

" 'Third. The shipper hereby represents and agrees that his live stock does not exceed in value the prices below mentioned, it being understood that the rate given is based upon such limit of valuation, which is the highest value accepted for the lower rate (animals of a higher value being charged a higher rate), and, in case of loss or damage through any cause for which the company may be liable, payment shall be made therefor only on the basis of the actual cash value at the time and place of shipment, but in no case to exceed the following, which is understood not to exceed the value as held by the shipper, to wit, each sheep or goat, $3.00.'

"And in this connection defendant alleges that the plaintiff did not declare a higher value than the said contract stipulation of $3.00 per head, and did not pay a higher rate than the rate authorized by said contract value, that under tariff rules and regulations in force at said times, higher rates were provided for higher values, and said limitations of liability was authorized and rated; and that by reason of said facts the plaintiffs are not entitled in any event to recover for any sheep lost or killed in excess of the sum of $3.00 per head; and in this connection defendant further alleges that said contracts expressly stipulated as follows:

" 'Thirteenth. In making this contract, the shipper expressly acknowledges that he has had the option of making this shipment under the tariff rates either at carrier's risk or at a limited liability and that he has selected the rate and liability named therein and expressly accepted and agrees to all the stipulations herein named.'

"And defendant further alleges that by reason of said contracts the said plaintiffs are not entitled in any event to recover in excess of the sum of $3.00 per head for the sheep lost and killed, if any, and he here now pleads said provisions of the contract in defense of plaintiff's suit and of this he prays judgment of the court."

The jury found in answer to special issues submitted that 5 sheep worth $10 each were lost in shipment, and that the remaining 876 were damaged $1.65 per head as a result of this negligence of the carrier; that is, they found the difference in the market value of the sheep in the condition in which they were delivered at Santa Anna and the condition they should have arrived, but for the negligence of the carrier, was $1.65 per head. Upon these findings the court rendered judgment for appellees for $1,460.40, representing the following items: $3 per head as limited by the contract of shipment for the 5 lost in shipment, and $1.65 per head for the remaining 876 delivered, with interest to date of judgment pleaded and found by the jury as a part of the damages.

This court reversed and remanded the case on the former appeal because of error in the exclusion of certain testimony. That feature of the case is not involved on this appeal. The principal questions here presented relate to a construction of the written shipping contract as limiting the liability of the carrier, and are the same as were raised on the other appeal, with one or two exceptions.

[1] The shipment was made during the time the railroads were being operated by the government as a war measure, and contracts limiting the carrier's common-law liability were permissible. McConnell v. Payne (Tex. Com. App.) 262 S. W. 72; Lancaster v. Smith (Tex. Com. App.) 262 S. W. 74.

[2] It is still insisted that, since the sheep were shipped under the special contract above set out, wherein their value was limited to $3 per head, and since the jury found that they would have been worth $10 per head if properly transported and delivered, and, further, that they were damaged $1.65 per head, a recovery is only authorized under this contract for such proportion of the $1.65 per head injury as $3 per head bears to $10 per head.

There is no merit in this contention that the contract calls for a proportionate recovery based upon the relation of the actual loss suffered to the agreed limitation of recovery. Judge Jenkins' opinion on the for-

mer appeal correctly interprets the contract in this regard as follows:

"We do not think this is a proper construction of this contract. Our construction is that the shipper is entitled to recover whatever damages were sustained by reason of the negligence of the railway, not to exceed $3.00 per head. If this is not the plain construction of this contract, it is at least ambiguous, and such being the case, the contract having been drawn by the railway company, the rule as to contracts drawn by insurance companies, namely, that it should be construed most strongly against the company, applies to this contract."

[3] But appellant carrier insists on this appeal that the court erred in not rendering judgment for it, because the undisputed proof showed the shipment was transported under written contract, wherein it was expressly stipulated that the measure of damages for the live stock lost or damaged should be based upon the actual cash value at the point of shipment, which was Amarillo, Tex., not to exceed $3 per head; and that there was no proof whatever of any value of the live stock at the point of shipment. The case was tried upon the theory that the appellees' damages would be the difference in the market value of the sheep in the condition in which they actually arrived at destination and in the condition in which they should have arrived, but for the negligence of the carrier, in no event to exceed $3 per head, the value placed by the shipper upon the sheep at the point of shipment for the purpose of fixing and limiting the amount of recovery per head in case of loss or damage in transit; that is, the trial court interpreted the contract pleaded to be only a limitation of liability as to the amount recoverable per head in case of loss or damage, and nothing more. This interpretation, we think, is entirely correct. We do not think the parties intended to further limit the liability of the carrier by changing the rule as to the measure of damages recoverable in a stock shipment case, that is, from the difference between the value of the stock at destination in the condition in which they did arrive and the condition in which they should have arrived, but for the negligence of the carrier, to the difference in the cash value of the stock at the time and point of shipment, and their value in the condition in which they actually arrived at destination as determined by the market value at the point of shipment in that condition. In making this contract, each party had in mind one thing. The shipper had in mind a reduced shipping rate; while the carrier had in mind in consideration of this reduced shipping rate a limitation of the amount of its liability in case of loss or damage in transit. With this in mind they contracted that:

" * * * In case of loss or damage through any cause for which the company may be liable, payment shall be made therefor only on the basis of the actual cash value at the time and place of shipment, but in no case to exceed the following, which is understood not to exceed the value as held by the shipper, to wit, each sheep or goat, $3.00."

We think the language, "payment shall be made therefor only on the basis of actual cash value at the time and place of shipment," clearly relates to and is qualified by the value of $3 per head "which is understood not to exceed the value as held by the shipper," at that time and at the point of shipment, and was solely for the purpose of limiting the recovery of loss or damage to that amount, such damages to be established under the law of liability relating to this character of shipment, and in accordance with the proper measure of damages in such cases provided.

The stipulation in the shipping contract is correctly interpreted as a limitation of liability to the value of the stock at time and place of shipment, in no event to exceed the agreed price per head. There was no pleading that this value was less than the agreed price, and therefore no basis for proof on the subject. This was strictly a matter of defense, and, with no pleading or proof on the subject, there was no basis for taking it into account. Clearly it was not error to refuse to exclude the evidence of actual injury under the common-law rule; and, as the court reduced the recovery for such injury to the agreed value, the carrier has been given the full benefit of the limitation which his pleading sets up.

Appellants' other assignments are without merit, and therefore overruled, and the cause is affirmed.

Affirmed.