**LATHAM et al. v. JORDAN et al.**
**(No. 1013—5181.)**

Commission of Appeals of Texas, Section B.
June 12, 1929.

Allen B. Hannay, of Houston, C. G. Krueger, of Bellville, and Ben H. Powell, of Austin, for plaintiffs in error.

W. P. Hamblen and George D. Sears, both of Houston, for defendant in error.

SPEER, J. James O. Latham and his two sisters sued Mrs. Cora Jordan, individually and as executrix of the last will and testament of her deceased husband, G. W. Jordan, to establish a trust against his estate in the sum of $12,000 with interest. From an adverse verdict and judgment, the plaintiffs appealed and the judgment of the trial court was affirmed. 3 S.W.(2d) 555.

The plaintiffs, by a supplemental petition, had pleaded a letter purporting to have been written by G. W. Jordan to James O. Latham, dated July 24, 1918, which tended to support their contention of trust. This letter was attacked by the defendant as a forgery, and upon the trial the plaintiffs called to the stand Judge John M. Cobb, who testified that he had been attorney for the deceased. Plaintiffs' counsel asked this witness whether or not G. W. Jordan, at any time, ever told him that he had received some money from his father for Ida Latham and her children, and he answered that "G. W. Jordan once told me about getting some money from his mother's estate." He was then asked: "Did you ever make any statement to any one, either written or verbal, about this matter that G. W. Jordan talked to you?" And he replied, "I think Oliver (plaintiff) wrote me about it and I told him Jordan had told me something to that effect." Whereupon counsel for plaintiff added: "The statement that you made to Oliver was what G. W. Jordan told you and it was in writing?" To which the defendant objected upon the ground that the same was immaterial and irrelevant and an effort to impeach the plaintiff's own witness and the court sustained the objections. Counsel for plaintiff then handed the witness the following letter:

"December 15, 1923.

"Mr. J. O. Latham, 206 Linz Building, Dallas, Texas. Dear Oliver: Replying to your recent favor relative to a conversation we had some years ago, will state that I do remember that Mr. G. W. Jordan, a number of years ago, after a trip to Alabama, told me that he had some money that he held in trust for the Latham heirs, his nephews and nieces back in Alabama and that he was either going to loan the same out or invest the same in good securities such as government bonds. I cannot state the amount and if he ever told me, the amount of it has escaped my memory. This is all I know about it.

"Yours very truly,
"JMC/V                    Jno. M. Cobb,"

and asked him if he wrote that letter, to which question the defendants objected that it was an attempt to impeach the plaintiffs'

own witness. Whereupon counsel for plaintiffs explained that it was the object and purpose of the plaintiffs to have the witness examine the letter and to refresh his memory on the subject to which it related and the matter under investigation. But the court sustained the objection and refused to let the witness read the letter and refresh his memory on the subject, to all of which the plaintiffs excepted.

We think the ruling was error. The letter was not offered at this stage of the trial for purposes of impeachment, but for the purpose of enabling the witness to refresh his memory and further to testify with respect to the transaction. That such a proceeding is permissible is well settled. To refresh the witness' memory is not in any sense to impeach or even to contradict him. Sparks v. Johnson (Tex. Civ. App.) 235 S. W. 975; Dallas, etc., Co. v. McAllister, 41 Tex. Civ. App. 131, 90 S. W. 933. It is further held in this state that the witness' prior statements may be introduced in evidence for the purpose of impeachment. Dallas, etc., Co. v. McAllister, supra; Western Union, etc., Co. v. Vickery (Tex. Civ. App.) 158 S. W. 792 (w. ref'd.); Cross v. McKinley, 81 Tex. 332, 16 S. W. 1023. Of course, such statements would only be admissible for impeaching purposes, and the court should, upon proper request, so limit their effect. The plaintiffs in error also excepted to the refusal of the trial court to permit them to offer the letter in evidence for the purpose of impeaching the witness Cobb, but the question of impeachment in this manner could not arise until the witness had testified to something contrary to his former statement.

It is not necessary to decide whether or not the Court of Civil Appeals erred in sustaining the trial court in excluding the testimony of the witness Whitsell with respect to his having seen the G. W. Jordan letter offered by plaintiffs upon the defendant's plea tendered in the issue of forgery. The Court of Civil Appeals held that the bill of exceptions fails to show when the witness saw the letter, for which reason its rejection is not shown to be error. Upon another trial, if the testimony is again offered, this omission can be supplied if material, and when so supplied we think the evidence might be admissible as a circumstance upon the issue of its genuineness. There was no error in the trial court's refusing to give a peremptory instruction against the defendant as independent executrix for the reasons stated by the Court of Civil Appeals. She had answered as an individual, and the cause had proceeded throughout the trial without any point having been made to her failure to answer as independent executrix, and it was well within the discretion of the trial court to permit the so-called trial amendment so as to make the answer one in the capacity of independent executrix as well as individually.

It was not error to admit in evidence the instruments admitted to be written by the plaintiff James O. Latham for the purpose of comparison with the alleged forged letter, even though such instruments were otherwise irrelevant to any issue in the case. 10 R. C. L. "Evidence," § 182.

Finally, it is complained that the trial court erred in permitting the defendants to offer in evidence certain books of account, memorandum books, registers, and check books. The plaintiffs objected that they were immaterial and irrelevant and were not shown to have been kept by G. W. Jordan at the time he received the fund in controversy. The objection appears to have been well taken. However, for the reason that the instruments offered were irrelevant and immaterial, we are not placing the reversal upon their admission; but for the error first indicated, we recommend that the judgments of both courts be reversed and the cause remanded for another trial not inconsistent with this opinion.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and the cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.